IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BLUEFIELD

**WILLIAM GREGORY TURPIN,**

       **Petitioner,**

**v.**

                                    **Case No. 1:14-cv-27189**

**BART MASTERS, Warden,**

       **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1). This matter is assigned to the Honorable David A. Faber, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed finding of fact and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## BACKGROUND

In 1993, the petitioner was convicted in the United States District Court for the Eastern District of Kentucky of armed bank robbery and of being a felon in possession of a firearm. (ECF No. 12-5 at 2). Subsequently, it was determined that petitioner was an armed career criminal within the meaning of USSG 4B1.4, and he was sentenced to two 188-month terms of imprisonment, followed by a five-year term of supervised release. (*Id.* At 3-4). The petitioner appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit ("Sixth Circuit"), which affirmed the judgment on April 21, 1994. (ECF No. 1 at 2).

On April 11, 1997, the petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Kentucky, which was denied on September 11, 1998. (*Id.* at 4). On October 23, 2014, the petitioner, who is presently incarcerated at the Federal Correctional Institution McDowell in Welch, West Virginia, filed the instant section 2241 petition, asserting that the Kentucky District Court erred in sentencing him when it found that one of his prior state convictions for burglary "qualified as a predicate 'violent' felony under the Armed Career Criminal Act ("ACCA") 18 U.S.C. § 924(e)(1), because it goes beyond the federal 'generic' definition of burglary." (*Id.* At 7). On October 28, 2014, the undersigned entered an Order to Show Cause, directing the respondent to file a response to the section 2241 petition. (ECF No. 4). Respondent filed a response on February 27, 2015, arguing that the petitioner was not entitled to the relief sought for several reasons. (ECF No. 12). First, the petitioner's habeas petition was actually a mislabeled Motion to Vacate under 28 U.S.C. § 2255. Since the petitioner had already filed such a motion, he was not entitled to file a second section 2255 motion until he received permission from the appropriate circuit court, which he had not done. Respondent argued that the savings provisions of section 2255 did not appear to apply to the petitioner's claim, and the petitioner had made no showing that the remedies available under section 2255 were inadequate or ineffective. Second, Respondent pointed out that this court did not have jurisdiction to hear the petitioner's section 2255 motion, as those motions must be heard by the sentencing court; in this case, the Eastern District of Kentucky. Third, the respondent asserted that to the extent the petitioner claimed he was "actually innocent" of being an armed career criminal, he was required to establish a fundamental defect and miscarriage of justice in order to

support habeas relief. Respondent contended that the petitioner had not met this heavy burden. Finally, the respondent argued that even if the sentencing court had incorrectly counted the burglary conviction as a prior violent felony for application of the ACCA, the petitioner had three other convictions for violent felonies that clearly counted, and these other three convictions "alone qualify Petitioner as an Armed Career Criminal." (ECF No. 12 at 9).

On June 26, 2015, the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court considered a provision of the ACCA that provides for a sentencing enhancement for a felon possessing a firearm when the defendant already has three prior convictions for violent felonies and/or serious drug offenses. 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The ACCA defines a "violent felony" as a crime punishable:

> ... by imprisonment for a term exceeding one year ... that

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii)   is burglary, arson, or extortion, involves use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another.***

18 U.S.C. § 924(e)(2)(B)(emphasis added). The bolded and italicized portion of this definition has come to be known as the Act's "residual clause." In *Johnson*, the Supreme Court held that the residual clause is unconstitutionally vague and that imposing an increased sentence thereunder violates due process. 135 S. Ct. at 2555-2563.

On August 7, 2015, the petitioner replied to the respondent's response, again arguing that his state burglary conviction did not meet the requisite test to be counted

as a prior violent felony conviction. He also noted that one of the other three convictions relied upon by the respondent in making the argument that the petitioner qualified as an armed career criminal, regardless of the burglary charge, was actually for a crime that postdated his federal offense. Consequently, that conviction could not be counted as a prior violent felony. The respondent filed a Notice of Supplemental Authority on September 8, 2015, conceding that one of the convictions considered by the respondent in his brief postdated the petitioner's federal crime and thus was not properly counted. Once that conviction was removed, the respondent further acknowledged that the Supreme Court's decision in *Johnson* "raised questions" about the petitioner's sentence. Nonetheless, the respondent reiterated that "the present habeas corpus petition under 28 U.S.C. § 2241 was not an appropriate vehicle to challenge Petitioner's sentence. Instead, Petitioner has one year from the *Johnson* decision to bring a petition under 28 U.S.C. § 2255." (ECF No. 19 at 1-2).

On January 8, 2016, the Supreme Court granted a writ of certiorari to resolve a split in the circuits as to whether *Johnson* applies retroactively to the sentences of defendants whose convictions had previously become final. *Welch v. United States*, 136 S. Ct. 790, 2016 WL 90594 (2016). On April 18, 2016, the Supreme Court determined that *Johnson* changed the substantive reach of the Act, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

## ANALYSIS

Title 28, United States Code, Sections 2241 and 2255 each create a mechanism by which a federal prisoner may challenge his detention. However, the two sections are not interchangeable. Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction. 28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention.   *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of … detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241.").   *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause."  The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention.  *Id.* at 332.

Clearly, the petitioner's claim is most properly reviewed under section 2255, not section 2241, because it involves the imposition, rather than the execution of his sentence. Thus, before considering the petitioner's section 2241 petition on its merits, the court must determine whether the remedy under section 2255 is inadequate or

5

ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.  One of the "gatekeeping provisions of section 2255 is that a defendant cannot file a second or successive section 2255 motion unless he meets the criteria of section 2255(h), which provides as follows:

> (h)   A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1)  newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> >
> > **(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.**

28 U.S.C. § 2255(h) (Emphasis added).

In light of the Supreme Court's announcement in *Welch* that *Johnson* is a new rule of constitutional law made retroactive to cases on collateral review, the petitioner cannot demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention as he now meets the gatekeeping provisions of section 2255.  Therefore, seeking relief from this court pursuant to section 2241 is impermissible. Accordingly,

the undersigned proposes that the presiding District Judge **FIND** that the petitioner must seek relief from his sentencing court pursuant to section 2255.

Given that the petitioner's claims are not properly brought under § 2241, his petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). If the court chooses to dismiss the petitioner's claim, then he can institute a new section 2255 action in the Eastern District of Kentucky. If the court chooses to construe the habeas petition as a section 2255 motion, then the matter will have to be transferred, as this court lacks jurisdiction to hear it. *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008) In either case, any section 2255 motion filed by the petitioner will be a second or successive motion, requiring him to obtain permission from the Sixth Circuit allowing him to pursue his claim in the Kentucky District Court. In the course of considering the benefits of a transfer, the undersigned learned that, on January 27, 2016, the petitioner filed an application with the Sixth Circuit under 28 U.S.C. § 2244 seeking an order authorizing the Kentucky District Court to consider a second or successive application for relief under section 2255 based upon the *Johnson* decision. *See In re: William Turpin*, Case No. 16-5094, at ECF No. 1-2 (6th Cir. Jan. 27, 2016). The United States has since responded to the petitioner's application, agreeing that the application should be authorized. (*Id.* at ECF No. 5). As a result, there is no reason for this court to construe and transfer the pending section 2241 petition. Therefore, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has already petitioned the appropriate Circuit Court to proceed under section 2255; thereby, obviating the need for this court to construe and transfer the instant action.

## **RECOMMENDATION**

For the foregoing reasons, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 be **DISMISSED,** (ECF No. 1), on the grounds that it is a mislabeled Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, and the petitioner has already filed an application with the United States Court of Appeals for the Sixth Circuit for consideration under 28 U.S.C. § 2244 as to whether the petitioner should be authorized to file a second or successive section 2255 motion in the United States District Court for the Eastern District of Kentucky.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit

Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  A copy of such objections shall be served on Judge Faber and the opposing party.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner and to transmit a copy to counsel of record.

**FILED:**  June 14, 2016

Cheryl A. Eifert
United States Magistrate Judge