IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**WILLIAM GREGORY TURPIN,**

    **Plaintiff,**

**v.**                                          **CIVIL ACTION NO. 1:14-27189**

**BART MASTERS, Warden,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Findings and Recommendation on June 14, 2016, in which she recommended that the District Court dismiss plaintiff's petition under 28 U.S.C. § 2241 on the grounds that it is a mislabeled Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255,[*] and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days,

---

[*] Magistrate Judge Eifert also noted that it was not necessary to transfer the mislabeled § 2255 to the sentencing court because Turpin had already filed an application with the United States Court of Appeals for the Sixth Circuit seeking authorization to file a second or successive § 2255 motion in the United States District Court for the Eastern District of Kentucky.

in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).

The parties failed to file any objections to the Magistrate Judge's Findings and Recommendation within the seventeen-day period.  Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court adopts the findings and recommendations contained therein.  Accordingly, the court hereby **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241 and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing

standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 7th day of July, 2016.

ENTER:

David A. Faber
Senior United States District Judge